UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLARENCE EVANS JR., <br><br> Plaintiff, <br><br> -against- <br><br> CO ATKINS, et al., <br><br> Defendants. | 24-CV-1749 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Marcy Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in January 2024, while he was confined at Sullivan Correctional Facility. His assertions include claims of assault, issuance of a false behavior report, and denial of due process in disciplinary proceedings. For the following reasons, the complaint is dismissed.

Plaintiff previously submitted to this court a substantially similar complaint in which he asserted many of the same claims against the same defendants. That case is pending before the court under docket number 24-CV-0927 (CS). Because this complaint raises the same claims, no useful purpose would be served by the litigation of this duplicate lawsuit. The Court therefore dismisses this complaint as duplicative, without prejudice to Plaintiff's pending case under docket number 24-CV-0927 (CS).

Plaintiff submitted the complaint with a request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On May 17, 2024, the Court granted Plaintiff leave to proceed IFP and directed the agency having custody of Plaintiff to forward payments from his prisoner's account to the Clerk of Court each time the amount in the account exceeds $10, until

the $350.00 filing fee is paid.[1] 28 U.S.C. § 1915(b)(2); *see also* In the Matter of the Prison Litigation Reform Act, Second Amended Standing Order, M10-468 (S.D.N.Y. May 26, 2010) (requiring agencies to calculate and remit the statutory fees for litigants in their custody). In light of the Court's belief that Plaintiff may have submitted this duplicate complaint in error, the Court vacates the May 17, 2024 order granting IFP and directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the agency having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit.

The Clerk of Court is directed to send a copy of this order to the agency having custody of Plaintiff. Plaintiff's complaint is dismissed without prejudice.

## CONCLUSOIN

The Court dismisses Plaintiff's complaint, without prejudice, as duplicative of the pleading in No. 24-CV-0927 (CS).

The Court vacates the May 17, 2024 order granting IFP (ECF 4) and directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the agency having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit. All other pending matters in this case are terminated.

The Court further directs the Clerk of Court to send a copy of this order to the agency having custody of Plaintiff.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). The Court collects, when funds exist in a prisoner's account, an initial partial filing fee plus monthly payments until the filing fee is paid.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).The Clerk of Court is directed to enter judgment in this case.

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   June 26, 2024
         New York, New York

                                                      /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                          Chief United States District Judge